**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**NOE DUENAS-MOLINA,**

        **Petitioner,**

**v.**                                  **CIVIL ACTION NO. 1:05CV54**
                                           **(Judge Keeley)**


**K.J. WENDT,Warden,**

        **Respondent.**


**REPORT AND RECOMMENDATION**

**I. PROCEDURAL HISTORY**

On January 24, 2005, the *pro se* petitioner, an inmate at FCI-Gilmer, filed an Application for

Habeas Corpus  Pursuant to 28 U.S.C. §2241 in the District of Nevada seeking to have his sentence

reviewed in light of  <u>Blakely v. Washington</u>, ____ U.S. ____, 124 S.Ct. 2531 (2004) and <u>Booker</u>

<u>v. United States</u>, ___U.S.___, 125 S.Ct. 738, 756 (2005).  The District of Nevada, recognizing that

"it is subject to question whether a <u>Blakely</u>-<u>Booker</u> challenge to a federal sentence properly may be

raised by a Section 2241 petition as opposed to a motion to correct sentence under 28 U.S.C. §2255"

nonetheless, transferred the matter to this Court because §2241 actions are to be brought in the

district of incarceration.  <u>See</u> <u>Rumsfeld v. Padilla</u>, ___ U.S. ___, 124 S.Ct. 2711 (2004).

On March 25, 2005, the petitioner filed a document in which he asks that the Court consider

his §2241 petition under 28 U.S.C. §2255 because he understands he has no remedy under 28 U.S.C.

§2241.[1]

---

[1]The document was filed as a motion to amend/correct.

This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09.

## II. FACTS

The petitioner was convicted in the United States District Court for the District of Nevada of conspiracy to distribute a controlled substance. On October 15, 2003, he was sentenced to 108 months incarceration. The petitioner did not appeal his conviction or sentence. Further, it appears from the petitioner's §2241 petition that he did not collaterally attack his sentence via a §2255 motion.

However, the petitioner now seeks to challenge his sentence in light of Blakely and Booker and seeks resentencing. As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

## III. ANALYSIS

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded

2

as follows:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

The petitioner correctly notes that he is not entitled to relief under §2241. The law has not changed so that his conduct is no longer criminal.   Thus, the petitioner clearly does not meet the second prong of Jones.   Further, Blakely and Booker are new rules of constitutional law. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D. Va. 2004)(Blakely v. Washington, ____ U.S. ____, 124 S.Ct. 2531 (2004) is a new rule of constitutional law which does not apply retroactively to cases on collateral review).  Thus, the petitioner can not meet the third prong of Jones, supra.

Moreover, while the petitioner wants this Court to consider his motion under 28 U.S.C. §2255, the Court has no jurisdiction to consider a §2255 motion because he was not  convicted in this district. A federal prisoner may challenge the validity of his sentence via a §2255 motion which must be filed in the Court where the sentencing occurred. 28 U.S.C. §2255.  Thus, the undersigned recommends that the petitioner's §2241 motion to amend be granted and that an order be entered transferring the case back to the district of conviction and sentencing, Nevada.

## IV.  <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition and motion be amend  be GRANTED and that an order be entered transferring the case back to the district of conviction and sentencing, Nevada.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Chief Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: April 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE